# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS STILSON, | ) | CASE NO. 4:24-cv-01529 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Darrell A. Clay.[1] (R. 12). Plaintiff Nicholas Stilson filed a complaint on September 7, 2024, challenging the final decision of the Commissioner of Social Security denying his application for disability insurance benefits. (R. 1). Magistrate Judge Clay issued his R&R on June 20, 2025, recommending the Court affirm the Commissioner's decision. (R. 12). The R&R specified that any objection must be filed within 14 days of the parties being served with a copy of the R&R. (*Id.* at PageID# 1378–79). That period of time has expired, and Plaintiff has not filed any objections.

### I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review of a magistrate judge's R&R depends upon whether objections were made to that report. When objections are made to an R&R, the district court reviews the case de novo. Rule 72 of the Federal Rules of Civil Procedure explains that

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject,

---

[1] This case was referred to the magistrate judge for a report and recommendation, pursuant to Local Rule 72.2.

>or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The text of Rule 72(b)(3) addresses only the review of R&Rs to which objections have been made. It does not specify any standard of review for those R&Rs to which no objections have been lodged. The Advisory Committee on Civil Rules, however, commented on a district court's review of unopposed R&Rs. The Advisory Committee explained that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec.*, No. 4:20cv2278, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (citing *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, the R&R placed the parties on notice as to the potential for forfeiture in the event of a failure to object. (R. 12, PageID# 1378–79).

## II. Conclusion

The Court has carefully reviewed the R&R, which sets forth a lengthy recitation of the evidence of record and a thorough analysis of Plaintiff's alleged assignment of error. The Court agrees with the Magistrate Judge's assessment that the ALJ properly considered and weighed the

evidence and did not err in evaluating Plaintiff's subjective allegations. Thus, the Court finds no clear error and agrees with the findings set forth in the R&R. The R&R, (R. 12), is hereby ADOPTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: August 27, 2025